# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 7, 2014

147220

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
          Plaintiff-Appellee,

v

                                        SC: 147220
                                        COA: 311180
                                        Presque Isle CC: 11-092670-FC

BRIGITTE FAYE REYNOLDS,
          Defendant-Appellant.

_____/

On order of the Court, the application for leave to appeal the April 15, 2013 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CAVANAGH, J. (*dissenting*).

I agree with Justice VIVIANO that this case raises serious concerns regarding the application of MRE 404(b); therefore, I would grant leave to appeal.

VIVIANO, J. (*dissenting*).

I respectfully dissent from the Court's order denying defendant's application for leave to appeal. I believe that defendant's prior convictions may have been improperly admitted under MRE 404(b) as evidence of her propensity to commit the charged offense. I would grant leave to appeal to consider the appropriate standard for admission of other-acts evidence when the prosecutor's stated purpose in seeking the admission of such evidence is to prove the defendant's intent.

Although defendant was discovered in the victim's home, she claimed innocent intent—that after discovering a broken door, she entered the home to see if anyone inside needed assistance. The prosecution sought to admit defendant's prior convictions for breaking and entering and home invasion as proof to rebut defendant's alleged innocent intent.

Other-acts evidence, including prior convictions, "is not admissible to prove the character of a person in order to show action in conformity therewith." MRE 404(b)(1). Such evidence may be admissible if offered for one of several enumerated non-character purposes. *Id.*; *People v Crawford*, 458 Mich 376, 386-389 (1998). However, "a common pitfall in MRE 404(b) cases is the trial courts' tendency to admit the prior misconduct evidence merely because it has been 'offered' for one of the rule's enumerated proper

purposes." *Crawford*, 458 Mich at 387. "In order to ensure the defendant's right to a fair trial, courts must vigilantly weed out character evidence that is disguised as something else." *Id.* at 388. To this end, there must be some showing of similarity between the prior conviction and the present charge. The degree of similarity required differs depending on the theory of relevance proffered. *People v Mardlin*, 487 Mich 609, 622 (2010). When, as here, the theory of relevance goes to intent, "logical relevance dictates only that the charged crime and the proffered other acts 'are of the same general category.'" *People v VanderVliet*, 444 Mich 52, 79-80 (1993), quoting Imwinkelried, Uncharged Misconduct Evidence, § 3:11, p 23; see also *People v Sabin (After Remand)*, 463 Mich 43, 64 (2000) (stating that "'mere similarity . . . suffices for evidencing intent'") (citation omitted).

Even though the prior convictions here—breaking and entering and home invasion—are in the same general category as the offenses charged, I do not believe that they may properly be admitted without even a minimal inquiry into the similarity of the circumstances involved. Indeed, the requirement that "past events need only fall into the same 'general category' under these circumstances [to prove innocent intent] does not extinguish the need for similarity to whatever extent similarity is relevant in a particular case." *Mardlin*, 487 Mich at 623 n 39. For example, in *Mardlin*, when the defendant was accused of arson, this Court stated that evidence of the defendant's involvement in past fires was "sufficiently similar or related because they each involved a *home or vehicle that was under defendant's control*." *Id*.

In contrast, in *People v Crawford*, this Court held that the trial court abused its discretion by admitting the defendant's prior drug-delivery conviction because it was not sufficiently similar to the charged offense of possession with intent to deliver. The defendant had claimed innocent intent based on lack of knowledge of the drugs discovered in his vehicle. The prosecution sought to admit the prior drug-delivery conviction under the doctrine of chances, a theory that "rests on the premise that 'the more often the defendant commits an actus reus, the less is the likelihood that the defendant acted accidentally or innocently.'" *Crawford*, 458 Mich at 393, quoting Imwinkelried, Uncharged Misconduct Evidence, § 3:11, p 45. But this Court concluded that there was "an insufficient factual nexus between the prior conviction and the present charged offense to warrant admission of the evidence under the doctrine of chances." *Id.* at 395-396. In the prior crime, officers had caught the defendant in the act of selling drugs. *Id.* at 381-382, 396. In *Crawford*, a routine traffic violation eventually led to the discovery of cocaine hidden in the dashboard of the defendant's car, which he had purchased only 5 to 10 days before and had loaned to others before the traffic stop. *Id.* at 379-380, 396-397. Under these circumstances, this Court held that introduction of the prior conviction was improper:

> The facts of the 1988 drug offense simply do not bear out the prosecutor's contention that the defendant "obviously knew" the drugs

were in his dashboard and that he intended to deliver them. The prior conviction only demonstrates that the defendant has been around drugs in the past and, thus, is the kind of person who would knowingly possess and intend to deliver large amounts of cocaine. To the extent that the 1988 conviction is logically relevant to show that the defendant was also a drug dealer in 1992, we believe it does so solely by way of the forbidden intermediate inference of bad character that is specifically prohibited by *MRE 404(b)*. Thus, the defendant's prior conviction was mere character evidence masquerading as evidence of "knowledge" and "intent." [*Id.* at 396-397 (emphasis added).]

I believe that allowing admission of other-acts evidence *solely* on the ground that, because defendant has been convicted of offenses in the same general category of crime in the past, it is more probable than not that defendant had the requisite criminal intent in this case, "is a poorly disguised propensity argument, which is precisely what Rule 404(b) expressly forbids." *Id.* at 397 n 14. Given that "using bad acts evidence can weigh too much with the jury and . . . so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge," we should ensure that lower courts closely scrutinize "[t]he logical relationship between the proffered evidence and the ultimate fact sought to be proven . . . ." *Id.* at 384, 388 (quotation marks and citation omitted).

In this case, the prosecution offered absolutely no explanation of the circumstances of the past crimes, nor did the trial court determine whether they were similar to the present crimes. Absent such a determination, there was an insufficient showing of logical relevance between the prior convictions and the charged offenses. See *Mardlin*, 487 Mich at 623 n 39. Under these circumstances, it appears that the trial court succumbed to the "common pitfall" of admitting the prior misconduct evidence "merely because it has been 'offered' for one of the rule's enumerated proper purposes." *Crawford*, 458 Mich at 387. Although admission of other-acts evidence may be held to a relatively low bar of similarity for the purpose of proving intent, surely the bar is higher than what occurred in this case. Thus, I believe that the trial court may have abused its discretion by admitting evidence of defendant's prior convictions.

For these reasons, I would grant leave to appeal.

McCORMACK, J., joins the statement of VIVIANO, J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 7, 2014



Clerk

h0204